**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

KATHI L. IOVINE,

                Plaintiff,

                                        Case No. 3:12-cv-1009-J-JRK

vs.

CAROLYN W. COLVIN,[1]
Acting Commissioner of Social Security,

                Defendant.
_____/

## OPINION AND ORDER[2]

### I. Status

Kathi L. Iovine ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying her claims for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Her alleged inability to work is based on, inter alia, "[b]rittle neck bones, headaches, anxiety, learning problems, weak knees and legs constantly fall." See Transcript of Administrative Proceedings (Doc. No. 15; "Tr."), filed November 16, 2012, at 208. Relevant to this appeal, Plaintiff also has issues with substance abuse. See e.g., Tr. at 39-40, 73. On or about November 24, 2008, Plaintiff filed applications for SSI and DIB, Tr. at 174-80, 181-87, alleging an onset date of October 1, 2007, Tr. at 174, 181. Plaintiff's applications were denied initially, Tr. at 81-83, 84-86, and were denied on

---

    [1]     Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    [2]     The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 16), filed November 16, 2012; Reference Order (Doc. No. 18), signed November 19, 2012 and entered November 27, 2012.

reconsideration, Tr. at 87-88, 89-90. An Administrative Law Judge ("ALJ") held a hearing on August 3, 2010. Tr. at 71-74. The hearing, however, was continued so that Plaintiff could obtain and submit additional records for the ALJ's review. Tr. at 73-74. The hearing reconvened on December 14, 2010. Tr. at 37-70. During the December 14, 2010 hearing, Plaintiff and a vocational expert ("VE") testified. See Tr. at 37-70. At the time of that hearing, Plaintiff was forty-six (46) years old. Tr. at 47. The ALJ issued a Decision on March 17, 2011, finding Plaintiff not disabled through the date of the Decision. Tr. at 20-32. On July 23, 2012, after receiving additional evidence, Tr. at 2, 5, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. Plaintiff commenced this action under 42 U.S.C. § 405(g) and § 1383(c)(3) by timely filing a Complaint (Doc. No. 1) on September 12, 2012, seeking judicial review of the Commissioner's final decision.

## II. The ALJ's Decision

When determining whether an individual is disabled,[3] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir.

---

[3] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

In addition, the Social Security Act "preclude[s] the award of benefits when alcoholism or drug addiction is determined to be a contributing factor material to the determination that a claimant is disabled." Doughty v. Apfel, 245 F.3d 1274, 1275 (11th Cir. 2001); see 42 U.S.C. § 423(d)(2)(C). Accordingly, if an ALJ "determines a claimant to be disabled and finds medical evidence of drug addiction or alcoholism, the [ALJ] then 'must determine whether . . . drug addiction or alcoholism is a contributing factor material to the determination of disability.'" Doughty, 245 F.3d at 1279 (quoting 20 C.F.R. § 404.1535). The "key factor" in this materiality determination "is whether the claimant would still be found disabled if he stopped using drugs or alcohol." Id. (citing 20 C.F.R. § 404.1535(b)(1)). "[T]he claimant bears the burden of proving that the substance abuse is not a contributing factor material to the disability determination." Id. at 1281.

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 23-32. At step one, the ALJ observed that Plaintiff "may have engaged in substantial gainful activity since October 1, 2007, the alleged onset date."[4] Tr. at 23 (emphasis and citation omitted). At step two, the ALJ found Plaintiff suffers from "the following severe impairments: alcohol and substance abuse; degenerative disc disease; and depression." Tr. at 23 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed

---

[4] The ALJ commented that Plaintiff "has not seen fit to report her work activity, [therefore, the ALJ was] unable to determine if it was substantial gainful activity." Tr. at 23.

-3-

impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 24 (emphasis and citation omitted). The ALJ determined, "[a]fter careful consideration of the entire record," that Plaintiff's residual functional capacity ("RFC") was as follows: "[B]ased on all of the impairments, including the substance use disorders, [Plaintiff] has the [RFC] to perform sedentary work . . . except [Plaintiff] is physically and mentally unable to sustain competitive work activities on a regular and continuing basis for eight hours a day, five days a week." Tr. at 25 (emphasis omitted).

At step four, the ALJ found Plaintiff "is unable to perform past relevant work" as a "cashier II, construction worker II, nursery school attendant, and housekeeping cleaner." Tr. at 27 (emphasis and citation omitted). At step five, "[c]onsidering [Plaintiff's] age, education, work experience, and [RFC] based on all of the impairments, including the substance use disorders," the ALJ determined that "there are no jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." Tr. at 27. These findings would typically render a person disabled. But, due to Plaintiff's substance abuse, the ALJ performed a second five-step sequential inquiry, assuming at each step that Plaintiff stopped all substance abuse.

The ALJ's second five-step sequential inquiry was performed as "[i]f [Plaintiff] stopped the substance use." Tr. at 28. The ALJ did not explicitly make a step one finding in the second sequential inquiry; however, given that the ALJ performed steps two through four, it is apparent that the ALJ carried over the step one finding from the first sequential inquiry to the second sequential inquiry. See Tr. at 23 (emphasis and citation omitted). At step two, the ALJ determined that Plaintiff's "remaining limitations would cause more than a minimal

-4-

impact on [her] ability to perform basic work activities; therefore, [Plaintiff] would continue to have a severe impairment or combination of impairments." Tr. at 28 (emphasis omitted).  At step three, the ALJ found that Plaintiff "would not have an impairment or combination or impairments that meets or medically equals any of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 28 (emphasis and citation omitted).  The ALJ then determined that Plaintiff "would have the [RFC] to perform light work . . . except [Plaintiff] would be limited to unskilled work." Tr. at 28 (emphasis omitted).  At step four, the ALJ found that Plaintiff "would be able to perform past relevant work as cashier II, SVP 2, light and housekeeping cleaner, SVP 2, light.  This work does not require the performance of work-related activities precluded by the [RFC]." Tr. at 31 (emphasis and citation omitted).  The ALJ determined that "[b]ecause [Plaintiff] would not be disabled if she stopped the substance use . . . , [Plaintiff's] substance use disorder[] is a contributing factor material to the determination of disability." Tr. at 31 (emphasis and citations omitted).  The ALJ concluded, therefore, that Plaintiff "has not been disabled . . . at any time from the alleged onset date through the date of th[e D]ecision." Tr. at 31 (emphasis omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)).  "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005)

(quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

### A. Parties' Positions

Plaintiff frames the one (1) issue on appeal as follows: whether the ALJ "committed error by finding Plaintiff Iovine's alcoholism and drug abuse material to the determination of the finding of disability." Plaintiff's Memorandum of Law in Opposition to the Commissioner's Decision Denying Plaintiff Disability Insurance Benefits and Supplemental Security Income (Doc. No. 22; "Pl.'s Mem."), filed January 23, 2013, at 27 (emphasis and capitalization omitted).[5] Plaintiff claims the ALJ's Decision is "arbitrary, capricious, and not supported by the substantial evidence of record." Pl.'s Mem. at 28-29. She also asserts that "[s]imply put

---

[5] Plaintiff has requested oral argument. See Pl.'s Mem. at 1. The Court finds oral argument to be unnecessary to decide the issue raised in Plaintiff's appeal.

the ALJ is not a mental health professional capable of determining that 'But For' alcohol abuse Plaintiff['s] mental health would be improved to the point that her underlying mental illness would not be disabling." Id. at 29.  Plaintiff then cites to general law standing for the proposition that an ALJ cannot substitute his judgment for that of medical and vocational experts in the record, and that an ALJ cannot reject a treating physician's opinion without showing the requisite good cause.  See id. at 29.  Plaintiff then argues that "the ALJ should have either requested a medical Source Statement from Dr. Risch[6] regarding Plaintiff's limitations without alcohol abuse or drug addiction, or called a medical expert . . . ." Id.

Responding, Defendant argues that the ALJ's Decision is supported by substantial evidence.  See Memorandum in Support of the Commissioner's Decision (Doc. No. 23; "Def.'s Mem."), filed March 25, 2013, at 5-9.  Defendant also argues that there was no need for the ALJ to recontact Dr. Risch or to call a medical expert because the record contained substantial evidence on which the ALJ based her Decision.  Id. at 6-7, 8-9.  Defendant emphasizes that the burden of proving that Plaintiff's substance abuse is not a contributing factor material to her disability rests squarely on Plaintiff, and that Plaintiff failed to meet that burden.  Id. at 6, 9.

### B. Legal Standard

"It is well-established that the ALJ has a basic duty to develop a full and fair record." Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912(d)). "Nevertheless, the claimant bears the burden of proving that he is disabled, and,

---

[6] Sherry V. Risch, Ph.D. ("Dr. Risch") is a licensed clinical psychologist who completed a psychological evaluation of Plaintiff on May 13, 2009.  Tr. at 388-94.  Dr. Risch's written opinion is dated May 21, 2009.  Tr. at 388.

consequently, he is responsible for producing evidence in support of his claim." Id. (citing 20 C.F.R. § 416.912(a), (c)).  While "[t]he [ALJ] has a duty to develop the record where appropriate[,]" the ALJ "is not required to order a consultative examination as long as the record contains sufficient evidence for the [ALJ] to make an informed decision." Ingram, 496 F.3d at 1269 (citing Doughty, 245 F.3d at 1281). Furthermore, to remand a case for the ALJ's failure to fully develop the record, there must be a showing that the claimant's right to due process has been violated because of such failure. Brown v. Shalala, 44 F.3d 931, 934-35 (11th Cir. 1995). Prejudice exists when the record contains evidentiary gaps which may cause the ALJ to reach an unfair determination due to the lack of evidence. Id. at 935.

### C. Analysis

The problem here is that the only person to opine as to what work-related limitations Plaintiff would have if she stopped abusing alcohol and/or other substances is the ALJ. As noted by the ALJ, the record is replete with treatment notes and opinions regarding Plaintiff's impairments and limitations. Throughout the Decision, the ALJ discusses Plaintiff's substance abuse and her work-related limitations. The ALJ, however, does not rely on any opinion from the record that analyzed the limitations Plaintiff has when she is engaged in substance abuse and what limitations she has when she is sober. In fact, a review of the record reveals no such opinion. While the burden rests with Plaintiff, the ALJ cannot use that burden as an abdication of his duty to develop a full and fair record. The undersigned cannot find that the ALJ's Decision is supported by substantial evidence. See Ambrosini v. Astrue, 727 F. Supp. 2d 414, 432 (W.D. Pa. 2010) (remanding a case to the Commissioner for further proceedings because "the record d[id] not contain any medical opinions of whether [the

-8-

plaintiff's] substance abuse [wa]s material to his mental health issues . . . [or any] medical opinions . . . to cast any light on whether [the plaintiff's] mental impairments would subside if he stopped his substance abuse"); Lizardo v. Astrue, No. ED CV 10-402(SH), 2010 WL 4220411, at *2 (C.D. Cal. Oct. 18, 2010) (unpublished) (citation omitted) (reversing and remanding a case to the Commissioner for further proceedings because "there [wa]s not a single medical opinion in the record about how plaintiff's abstention from all drug and alcohol usage would affect his disability").

### V.  Conclusion

After due consideration, it is

**ORDERED:**

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) and pursuant to 42 U.S.C. § 1383(c)(3) **REVERSING** the Commissioner's decision and **REMANDING** this matter with the following instructions:

   A. Obtain a medical opinion and/or testimony from a medical expert or physician about what limitations Plaintiff would continue to experience if she stopped all substance abuse; and

   B. Take such other action as may be necessary to resolve these claims properly.

2. The Clerk is further directed to close the file.

3. In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) or § 1383(d)(2) fee application be filed within the parameters set forth by

the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**DONE AND ORDERED** at Jacksonville, Florida on September 2, 2013.

_____
JAMES R. KLINDT
United States Magistrate Judge

jlk
Copies to:
Counsel of Record